Fisher vs. The Town of Franklin.

FISHER, Respondent, vs. THE TOWN OF FRANKLIN, Appellant.

*November 13 — December 11, 1894.*

*Injuries from defective bridge: Contributory negligence: Court and jury.*

> In an action for personal injuries alleged to have been caused by the
> defective and insufficient condition of a bridge and its approaches,
> it appeared, among other things, that the load of hay upon which
> plaintiff was riding had already tipped over once; that by reason
> of accumulated snow the travel was crowded close to one side of
> the bridge; that plaintiff's hay rack was caught by the projecting
> prong of a forked post at the corner of the bridge; that one L.,
> who was with her, tried to chop off the post, but did not dare to
> cut it off entirely because the runners of the sled had settled down
> and the load was resting on the post; that he then attempted by
> means of a lever on the other side of the load to hold it so that it
> would not go over, while plaintiff, who was still on the load, started
> the horses; and that when they started the load tipped over and
> plaintiff was thrown down the embankment and injured. *Held*,
> that plaintiff must have appreciated the risk which she assumed
> in remaining on the load and attempting to drive out of the dan-
> gerous position, and that, as a matter of law, she was guilty of
> contributory negligence.

APPEAL from a judgment of the circuit court for Jackson
county: W. F. BAILEY, Circuit Judge. *Reversed*.

This action was for the recovery of damages for an injury
sustained by the plaintiff by reason of the insufficiency and
want of repair of a bridge and highway of the defendant
while she was traveling over and along the same. The
complaint states, in substance, that the highway and bridge
passed over a deep and narrow ravine; that the approaches
to the bridge were too narrow and crooked, and there was a
want of suitable railing or barriers to protect and prevent
persons and teams passing over the bridge from falling or
being thrown therefrom and down the embankment into
the deep ravine, and that on the south side there was no
railing or barrier, and the one on the north side consisted

of one or two poles resting upon forked stakes or crutches set in the ground, extending along the bridge about four feet above it, and one fork or prong of the crutch at the northeast corner of the bridge extended in towards, and so near, the traveled track that it was difficult, if not impossible, to pass it with a load of hay extending beyond the sleigh or box thereon, without coming in contact with it; that in approaching the bridge from a westerly direction the highway passed down a steep hill, and on a curve from northwest to southeast, and was lower on the north side than on the south, and curved northward in going in an easterly direction, owing to a bluff or hill on the south side, so that a team could not turn out on that side and avoid contact with the forked crutch of the barrier on the north side, and without danger of overturning the load and being thrown down into the ravine, of which the defendant had notice, etc.; that at the time in question the plaintiff was passing over the bridge and highway, in an easterly direction, with a span of horses and sleigh, with a hay rack and small load of hay thereon, but by reason of said defects, etc., the hind end of the load and hay rack upon which she was riding and driving struck and was caught upon said forked stake at the northeast corner of the bridge, and the load of hay, rack, and sleigh were overturned, and thrown down the embankment on the north side, a distance of about thirty feet, the plaintiff falling among trees upon the ground about thirty feet from the approach to the bridge, on the east side thereof, whereby, without fault or negligence on her part, she was greatly injured, etc. The answer put in issue these allegations.

Upon trial before a jury, a special verdict was found in substance in conformity with the plaintiff's claim, and, among other things, that the defects causing the injury were: (1) Not sufficient width of road or approach to bridge; (2) too short curve of road; (3) bridge not in line of road;

Fisher vs. The Town of Franklin.

(4) lack of proper and sufficient barriers or guards; and (5) the crotch post on north side of bridge projecting over the bridge too far, with which the sleigh or load thereon came in contact,— and that the plaintiff was not guilty of any want of ordinary care which contributed to her injury, and fixing the damages at $1,200. A motion was made to set aside the verdict, and for a new trial, on the ground that each of the special answers was against the law and not supported by the evidence. The motion was denied, and judgment was given on the verdict in favor of the plaintiff, from which the defendant appealed.

*Carl C. Pope*, for the appellant.

*G. M. Perry*, for the respondent.

PINNEY, J. The evidence tends to support the finding of the jury as to the defective and insufficient condition of the highway and bridge. Upon the question whether the plaintiff was guilty of negligence contributing to the injury of which the plaintiff complains, we think that the finding of the jury is against the uncontradicted evidence, and that for this reason the recovery cannot be sustained. It appears from the testimony of the plaintiff and one Liscomb, the only other person present, who was helping her to haul hay, that they had passed over the bridge in the morning in going for the hay; that after it was loaded it tipped over in driving out of the field, and when it was righted up they took two levers along with which to steady the load when necessary. There were from 1,000 to 1,500 pounds of hay in the load, and the plaintiff was driving the team,— a safe and quiet one, which the plaintiff was accustomed to drive and use in work on the farm, and had been for years. There was considerable snow on the ground, in the highway, and on the bridge and approaches, and it had accumulated on the south side, so that the travel was crowded to the extreme north side. It was thawing, and rained some, and

the snow was soft, and snow water ran in the roads. They were going easterly, and when going upon the bridge the rack caught upon the forked post, a prong of which projected southerly, and it stopped the team still. The plaintiff and Liscomb were both at the time on the load, and he got down, and found the forked post had caught on one of the crosspieces of the rack; and he tried to cut it off, and cut it as far as he dared, and got upon the load again, and took hold of one of the levers inserted under the binding pole, and went upon the end of it, and tried to hold the load so it would not go over. The plaintiff started the team, and the load went over and down into the gully; and she was thrown down into it, a distance of about nine feet, and about seventeen feet from the embankment and road, and was severely injured. The sleigh stood upon the road, turned up edgewise, after the rack and load had slipped off. She gave a spring when she started, and it threw her away over the hay. When Liscomb cut the post, she sat on the front of the load, and the sled was right up close to the edge of the bridge, and after cutting the post and getting on the load she started the team, when he told her to. That when the sled first struck the post it drew the front runner out of the track, and it settled down towards the north side. On being asked what he meant by saying he chopped the post as far as he dared to, and why he did not chop further, he said that the stake was holding the load, and when he loosened the post up a little the load gave, because the runner had settled down. The plaintiff described the occurrence in substantially the same manner, saying that when the post caught it drew the horses back, and the sleigh down still further to the lower or north side of the bridge. "Mr. Liscomb got off the load, looked under there, and saw that we were fast on the stake; and he cut it very near loose, and then got back on the load, and got on the end of the lever, and told me to turn the horses as far to the right as I

could.   Just as the front runner left the bridge, and while the hind runners were on it, and I had started probably about a foot, the load went over.   I knew the front runner was out of the track and had settled down somewhat, and that he was going out on the lever to steady the load and prevent its slipping over.   I started up the team when I saw that he was all prepared."

The method which the plaintiff and Liscomb adopted to extricate the sleigh and load, situated as they were on the brink of a very deep ravine or gully, with the load tipped or inclined somewhat towards it, obviously was an imprudent and dangerous one, particularly to the plaintiff, in sitting upon the load and attempting to drive the team when it was apprehended that the load might tip over into the ravine.   The evidence is clear that the plaintiff knew and understood the situation, and she must have appreciated the risk which she assumed in remaining on the load and attempting to drive off the bridge and out of the difficult situation.   She is clearly chargeable with negligence in the course she pursued, and must be held to have taken upon herself the risk of what must be regarded as a dangerous experiment.   The dictates of common prudence required that she should have resorted to other and less hazardous means of extricating the sleigh and load from the predicament in which it had been placed.

Ordinarily, the question of contributory negligence is for the jury; but where negligence is clearly and conclusively established, and there is no fair inference arising upon the undisputed facts that the plaintiff is free from fault, it is then the duty of the court to deal with the question as a matter of law, and direct a verdict accordingly, or set it aside if found for the plaintiff.   It is only necessary in this case to repeat what was held in *Goldstein v. C., M. & St. P. R. Co.* 46 Wis. 406: "If a person places himself in a position of known danger, when he might avoid it, he is guilty

of negligence; and although the danger may have been caused by the negligence of another, if the party thus taking the risk of injury is injured thereby, he cannot maintain an action for damages against the other, because his own negligence contributed to the injury." We hold that the proof of contributory negligence in the present case is so clear and decisive and so entirely free from doubt that, as a matter of law, the verdict should have been set aside and a new trial granted. It was therefore error to overrule the motion the defendant made for that purpose.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.